CENTER FOR DISABILITY ACCESS
Chris Carson, Esq., SBN 280048
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

Michelle Uzeta, Esq., SBN 164402
uzetalaw@gmail.com
michelleu@potterhandy.com
710 S. Myrtle Ave., #306
Monrovia, CA 91016
Ph: (858) 375-7385

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Hazel Weiss**, <br><br> Plaintiff, <br><br> v. <br><br> **Espresso Roma Corporation**; and Does 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> **Complaint for Injunctive Relief and Damages for Violations of:** <br><br> 1. Title III of the American's With Disabilities Act, 42 U.S.C. §12182 et seq.; <br> 2. California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; and <br> 3. California's Disabled Persons Act, Cal. Civ. Code § 54.1 et seq. |

1

# INTRODUCTION

1. Plaintiff Hazel Weiss ("Plaintiff") brings this lawsuit alleging that Defendants Espresso Roma Corporation and Does 1-10 ("Defendants") have failed to ensure that individuals with disabilities who use service dogs have full and equal access to the goods, facilities, programs, services and activities offered to members of the public at Subway, a branch of the sandwich shop located in Berkeley, California (hereinafter "Subway").

2. As a result of Defendants' discriminatory acts and omissions as alleged herein, Plaintiff has suffered, and will continue to suffer, damages, and has been, and will continue to be, prevented and deterred from accessing the goods, facilities, programs, services, and activities offered at Subway independently and in a manner equal to individuals without disabilities.

3. Through this lawsuit, Plaintiff seeks an injunction requiring Defendants to provide her, and similarly situated persons, "full and equal" access to Defendants' public facilities as required by law.

4. Plaintiff also seeks to be compensated for her damages and for Defendants to pay her reasonable attorneys' fees, and the costs and litigation expenses incurred in enforcing her civil rights.

# PARTIES

5. Plaintiff Hazel Weiss is, and at all times relevant herein was, an individual and California resident.

6. Defendant Espresso Roma Corporation is, and at all times relevant herein was, a corporation organized under the laws of the State of California, with its principal place of business located at 1310 65th Street, in the city of Emeryville, California, 94608.

7. Plaintiff is currently unaware of the true identities of DOES 1-10, inclusive, and will seek leave to amend when their true names, capacities,

Complaint

connections, and responsibilities are ascertained.

8. Plaintiff is informed and believes that each of the Defendants is the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each of the other Defendants, as herein described.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the ADA.

10. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq. and the Disabled Persons Act, Cal. Civ. Code § 54.1 et seq., both of which expressly incorporate the ADA. Cal. Civ. Code §§ 51(f), 54.1(d).

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

12. Plaintiff Hazel Weiss is, and at all times relevant herein was an individual with a mobility disability resulting from Multiple Sclerosis. Depending on circumstances, Plaintiff uses a cane, walker, or manual wheelchair to assist with her mobility.

13. Plaintiff's disability significantly limits her mobility and balance, ability to care for herself, ability to perform manual tasks like picking up and carrying items, opening and shutting doors, pressing elevator call buttons, and ability to work.

14. Plaintiff uses a service dog that has been individually trained to do work and perform tasks for her, related to her disability, including but not limited to:

   a. Picking up items;
   b. Carrying items;
   c. Assisting with Plaintiff's balance and/or mobility;
   d. Opening and shutting doors; and
   e. Pressing elevator call buttons.

15. Plaintiff's service dog has undergone professional and owner training through the Bergin College of Canine Studies.

16. Plaintiff's service dog is a Golden Retriever of calm temperament weighing approximately seventy-five pounds.

17. Plaintiff's service dog is, and at all times relevant herein was, current in its vaccinations.

18. Plaintiff's service dog is, and at all times relevant herein was, licensed through the City of Berkeley.

19. Plaintiff's service dog is, and at all times relevant herein was, certified as a service dog through the City of Berkeley.

Complaint

20. Defendant Espresso Roma Corporation ("Espresso Roma") is, and at all times relevant herein was, the owner, operator, lessor, and/or lessee of Subway, a branch of the sandwich shop located at 2490 Bancroft Way, in the City of Berkeley, California.

21. On October 6, 2018, at approximately 7:00 p.m., Plaintiff went to Subway after receiving an email from her friend, Kaye Kohler ("Ms. Kohler").

22. Ms. Kohler and her service dog were turned away from Subway due to Ms. Kohler's use of a service dog.

23. Plaintiff went to Subway seeking to assist Ms. Kohler and also to eat a meal with her.

24. Plaintiff was accompanied by her service dog.

25. At all times relevant herein, Plaintiff's service dog was wearing a vest identifying it as a service dog.

26. At all times relevant herein, Plaintiff's service dog was under Plaintiff's control, on a leash, and well behaved.

27. When Plaintiff entered Subway, a female employee approached her and asked Plaintiff, "Is that your service dog? I need to see your paperwork. If you don't have paperwork, you have to leave."

28. Plaintiff responded to the Subway employee by stating words to the effect of: "Federal law, the ADA, does not require that I have or show paperwork or proof. You can ask me the two allowable questions and I'll reply. I have a right to be here. And, California Penal Code 365.5 says it's a criminal act to refuse to serve me because I am a person with a disability accompanied by my service dog."

29. The Subway employee approached Plaintiff and stood very close to her to show her a document she represented to be service dog rules.

5

Complaint

30. The Subway employee would not allow Plaintiff to hold the purported service dog rules for review, but rather, shoved the document aggressively aggressively in her face.

31. The Subway employee then represented that she was calling the manager of the Subway store and held her mobile phone approximately four inches away from Plaintiff's face, demanding that Plaintiff speak with the manager.

32. Plaintiff asked the Subway employee to move back and to take the phone out of her face. Plaintiff felt threatened.

33. The Subway employee replied, "I didn't touch you. You're a racist."

34. The Subway employee also continued to refuse to serve Plaintiff. Plaintiff called the police to report the incident although Ms. Kohler already made a similar report to the police about an hour before Plaintiff arrived.

35. When the Berkeley Police arrived, the police spoke with the Subway employee. The police also spoke with the Subway manager by phone.

36. The Berkeley Police told the Subway employee to serve Plaintiff and Ms. Kohler. Only then were Plaintiff and Ms. Kohler served.

37. Plaintiff has been deterred from returning to Subway since the October 6, 2018 incident.

38. Plaintiff would like to return to Subway in the future with her service dog but until Defendants' discriminatory policies are modified, Plaintiff will continue to be denied full and equal access to Subway, and will suffer ongoing discrimination by being excluded and deterred from going there.

39. The nature of Defendants' discrimination, as alleged herein, constitutes an ongoing violation and violation that is capable of repetition, and

Complaint

unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff and other similarly disabled persons.

# FIRST CAUSE OF ACTION
## Title III of the Americans with Disabilities Act
### 42 U.S.C. § 12101 et seq.

40. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

41. Title III of the ADA provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

42. Plaintiff is, and at all times relevant herein was a person with a "disability" as that term is defined under the ADA and its implementing regulations. 42 U.S.C. § 12102; 28 C.F.R. § 36.104.

43. Among the "private entities" which are considered "public accommodations" for purposes of this title includes a restaurant, bar, or other establishment serving food or drink. 42 U.S.C. § 12181(7)(B).

44. Subway is an establishment serving food or drink and is therefore a place of "public accommodation" under Title III of the ADA.

45. Defendants own, operate and/or lease Subway.

46. In acting as herein alleged, Defendants have discriminated against Plaintiff on the basis of her disability in violation of Title III of the ADA. Defendant's discriminatory conduct includes, inter alia:

    a. Directly, or through contractual, licensing, or other arrangements, excluding or denying Plaintiff the goods,

services, facilities, privileges, advantages, accommodations, and/or opportunities offered at Subway, on the basis of her disability. 42 U.S.C. § 12182(b)(1)(A)(i), 28 C.F.R. § 36.202(a);

b. Providing Plaintiff goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals. 42 U.S.C. § 12182(b)(1)(A)(ii), 28 C.F.R. § 36.202(b);

c. Failing to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiff, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii), 28 C.F.R. § 36.302(a);

d. Failing to modify policies, practices, or procedures to permit the use of a service animal by Plaintiff. 28 C.F.R. § 36.302(c)(1);

e. Failing to permit Plaintiff to be accompanied by her service animal in all areas of Subway where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go. 28 C.F.R. § 36.302(c)(7); and

f. *Assuming arguendo* that the exclusion of Plaintiff's service animal was proper, failing to give Plaintiff the

Complaint

opportunity to obtain the goods, services, and accommodations of Subway without having the service animal on the premises. 28 C.F.R. § 36.302(c)(3).

47. Pursuant to the remedies, procedures, and rights set forth in 42 U.S.C. § 12188 and 42 U.S.C. § 12205, Plaintiff prays for judgment as set forth below.

## SECOND CAUSE OF ACTION
## Unruh Civil Rights Act
## California Civil Code § 51 et seq.

48. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

49. The Unruh Act guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code § 51(b).

50. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code § 51(f).

51. Plaintiff is, and at all times relevant herein was, a person with a disability under California law. Cal. Gov. Code § 12926.

52. Subway is a business establishment and, as such, must be operated by Defendants in compliance with the provisions of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.

53. In acting as herein alleged, Defendants have violated the Unruh Act by, inter alia, denying, or aiding or inciting the denial of, Plaintiff's rights to full and equal use of the accommodations, advantages, facilities, privileges, or services offered at Subway.

Complaint

54. In acting as herein alleged, Defendants have also violated the Unruh Act by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA.

55. Defendants' duties under the Unruh Act are mandatory and long-established. Defendants are deemed to have had knowledge of its duties at all times relevant herein; its failure to carry out said duties as alleged herein was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

56. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiff prays for judgment as set forth below.

## THIRD CAUSE OF ACTION
## California Disabled Persons Act
## California Civil Code § 54 et seq.
### *(Statutory damages and attorneys' fees only)*

57. Plaintiff re-pleads the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

58. The Disabled Persons Act ("CDPA") provides that "Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, … and privileges of all … places of public accommodation, … , and other places to which the general public is invited" Cal. Civ. Code § 54.1(a)(1).

59. A violation of the ADA is also a violation of the CDPA. See Cal. Civ. Code, § 54.1(d).

60. Subway is a place of public accommodation to which the general public is invited and, as such, must be operated by Defendants in compliance with the provisions of the CDPA.

61. Defendants have violated the CDPA by, <u>inter alia</u>, denying and/or interfering with Plaintiff's admittance to or enjoyment of the public facilities at Subway.

62. Defendants have also violated the CDPA by denying, or aiding or inciting the denial of, Plaintiff's right to equal access arising from the provisions of the ADA.

63. Defendants' duties under the CDPA are mandatory and long-established. Defendants are deemed to have had knowledge of their duties at all times relevant herein; their failure to carry out said duties as alleged, was willful and knowing and/or the product of deliberate indifference. Treble damages are warranted.

64. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 54.3(a), Plaintiff prays for statutory damages and attorneys' fees as set forth below.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an injunction pursuant to the ADA and the Unruh Act:
   a. Ordering Defendants to develop and adopt general non-discrimination policies;
   b. Ordering Defendants to modify its policies and practices to avoid discrimination based on an individual's disability-related use of a service dog; and
   c. Ordering Defendants to train its staff and management regarding the rights of people with disabilities who use service dogs and their obligation to avoid discrimination.

   ***Note:*** *the Plaintiff is not invoking section 55 of the California Civil Code and is <u>not</u> seeking injunctive relief under the CDPA.*

Complaint

2. Award Plaintiff general, compensatory, and statutory damages in an amount within the jurisdiction of this court;

3. Award Plaintiff attorneys' fees, litigation expenses and costs of suit, as provided by law; and

4. Award such other and further relief as the Court may deem just and proper.

Dated: __January 8, 2019__

By: *Michelle Uzeta*
Michelle Uzeta
Attorneys for Plaintiff

Complaint