1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    HAZEL WEISS,                               Case No.  19-cv-00112-HSG

8                    Plaintiff,                 **ORDER GRANTING MOTION FOR
                                                CIVIL CONTEMPT**
9             v.
                                                Re: Dkt. No. 34
10   ESPRESSO ROMA CORPORATION,

11                   Defendant.

12

13          Pending before the Court is Plaintiff Hazel Weiss' ("Plaintiff") motion for an order to

14   show cause why the Court should not hold Defendant Espresso Roma Corporation ("Defendant")

15   in civil contempt for failing to comply with the Court's February 3, 2020 Order enforcing a

16   settlement agreement and its injunctive relief and monetary relief terms.  Dkt. No. 34 ("Motion").

17   Defendant has not responded or objected to the Motion.  For the reasons detailed below, the Court

18   **GRANTS** the Motion.[1]

19   **I.      BACKGROUND**

20          Plaintiff filed her Complaint on January 9, 2019, alleging violations of Title III of the

21   Americans with Disabilities Act ("ADA"), 42 U.S.C. §12182 *et* seq. and additional state statutes

22   related to alleged discrimination she encountered while visiting a Defendant-owned Subway

23   Restaurant in Berkeley, California with her service dog.  Dkt. No. 1.

24          In June 2019, the parties negotiated and agreed to a settlement agreement ("Settlement

25   Agreement") resolving the pending action.  Dkt. No. 13.  As part of the Settlement Agreement,

26   Defendant agreed to: (1) adopt a service dog policy that complies with the provisions of the ADA;

27

28   [1] The Court finds this matter appropriate for disposition without oral argument and the matter is
     deemed submitted.  *See* Civil L.R. 7-1(b).

United States District Court
Northern District of California

1    (2) train its public-facing staff on the service dog policy; and (3) pay a sum of $12,500.00 within

2    thirty days. *Id.* The parties executed the Settlement Agreement on July 4, 2019. Dkt. No. 16.

3         On June 28, 2019, the parties requested a 45-day extension to finalize the Settlement

4    Agreement and file a stipulation of dismissal. Dkt. No. 13. On August 19, 2019, Plaintiff filed a

5    joint status update informing the Court that Defendant had not complied with the terms of the

6    Settlement Agreement and requested a sixty day period to file the stipulated dismissal. Dkt. No.

7    16. On August 20, 2019, the Court issued a Conditional Order of Dismissal, granting the sixty day

8    period for reporting non-compliance with the Settlement Agreement. Dkt. No. 17.

9         On October 11, 2019, Plaintiff stated that the Settlement Agreement was not "delivered by

10   Defendant," that "Defendant's counsel has not responded substantively to communications

11   inquiring about the status of said consideration," and requested that the case be restored to

12   calendar. Dkt. No. 18. On October 22, 2019, the Court directed the Clerk to reopen the case and

13   vacate the conditional dismissal. Dkt. No. 20. On November 1, 2019, Defense counsel failed to

14   appear for a scheduled telephonic conference, and the Court subsequently issued an Order to Show

15   Cause regarding defense counsel's failure to appear. Dkt. No. 21. Defense counsel filed a

16   response to the Order to Show Cause on November 5, 2019, and the Court set a further telephonic

17   conference for November 8, 2019. Dkt. No. 25. At that conference, the parties stipulated to an

18   entry of judgment in favor of Plaintiff. *Id*. On November 22, Plaintiff filed another status report

19   detailing the ongoing non-responsiveness of defense counsel and the lack of cooperation in

20   complying with the Court's order. Dkt. No. 27. On December 2, 2019, the Court granted

21   Plaintiff's request to file a motion to enforce the Settlement Agreement, which the Plaintiff filed

22   on December 4, 2019. Dkt. Nos. 28, 29.

23        On January 13, 2020, Magistrate Judge Corley issued a report and recommendation that

24   the Court grant Plaintiff's motion to enforce the Settlement Agreement, and ordered Defendant to

25   comply with its terms. Dkt. No. 32. The Court adopted Magistrate Judge Corley's

26   recommendations on February 3, 2020. Dkt. No. 33. Plaintiff contacted Defense counsel on

27   February 10, 2020 to request compliance with that order within twenty-one days, to which counsel

28   did not respond. Dkt. No. 34 at 3. Defendant has not subsequently communicated with Plaintiff

United States District Court
Northern District of California

2

1  in any form, and has yet to perform any of its obligations under the Agreement as ordered by the

2  Court. *Id.* at 4.

3  **II.    LEGAL STANDARD**

4      Civil contempt "consists of a party's disobedience to a specific and definite court order by

5  failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n.,*

6  *Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). "The standard for finding a party in civil

7  contempt is well settled: The moving party has the burden of showing by clear and convincing

8  evidence that the contemnors violated a specific and definite order of the court." *In re Bennett*,

9  298 F.3d 1059, 1069 (9th Cir. 2002) (internal quotation and citation omitted). Once the moving

10  party does so, the "burden then shifts to the contemnors to demonstrate why they were unable to

11  comply." *Id.*

12      "Plaintiffs are entitled to recover attorney's fees and costs incurred in bringing and

13  prosecuting . . . contempt proceedings." *Inst. of Cetacean Research v. Sea Shepherd Conservation*

14  *Soc'y*, 774 F.3d 935, 958 (9th Cir. 2014). The "cost of bringing the violating to the attention of

15  the court is part of the damages suffered by the prevailing party and those costs would reduce any

16  benefits gained by the prevailing party from the court's violated order." *Perry v. O'Donnell*, 759

17  F.2d 702, 705 (9th Cir. 1985).

18  **III.    DISCUSSION**

19      Plaintiff has met its burden of showing by clear and convincing evidence that Defendant

20  violated the Court's February 3, 2020 Order. The Court's Order, adopting the findings and

21  recommendations of Magistrate Judge Corley, was clear and unambiguous: Defendant was to

22  comply with the terms of the executed Settlement Agreement by: (1) adopting a service dog policy

23  that complies with the provisions of the ADA; (2) training its public-facing staff regarding the

24  policy; and (3) paying Plaintiff the settlement amount of $12,500. Dkt. No. 33. Yet Defendant

25  has failed to comply with the Settlement Agreement's terms and has made no effort to

26  communicate with or respond to Plaintiff's counsel. The Court finds that Plaintiff has sufficiently

27  demonstrated cause for holding the Defendant in civil contempt. *Reno Air*, 452 F.3d at 1130.

28  Because Defendant has not opposed or responded to the Motion, Defendant has not met its burden

United States District Court
Northern District of California

United States District Court
Northern District of California

1    of showing why it was unable to comply with the Court's Order.  *Id.*

2    **IV.    CONCLUSION**

3         Accordingly, Plaintiff's Motion is **GRANTED**.  The Court **ORDERS** Defendant and its

4    counsel to appear telephonically before this Court on Thursday, September 17, 2020 at 2:00 p.m.

5    to show cause why the Court should not hold Defendant in contempt and sanction it for the failure

6    to comply with the Court's February 3, 2020 Order and the Settlement Agreement.  All counsel

7    shall use the following dial-in information to access the call: Dial-In: 888-808-6929/Passcode:

8    6064255.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and

9    where at all possible, parties shall use landlines.  The parties are further advised to ensure that the

10   Court can hear and understand them clearly before speaking at length.

11        **IT IS SO ORDERED.**

12   Dated:  9/4/2020

13   

14   HAYWOOD S. GILLIAM, JR.
     United States District Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4